IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| TILGHMAN ISLAND SEAFOOD, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:25-cv-03177 |
| | ) |
| STATE AUTOMOBILE MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant State Automobile Mutual Insurance Company ("State Auto" or "Defendant") for its answer to the Complaint for Declaratory Relief and Damages ("Complaint") filed by Plaintiff Tilghman Island Seafood, LLC ("TIS" or "Plaintiff"), states as follows:

1. Admitted upon information and belief.

2. Admitted.

3. Denied in light of the removal of the action to this Court.

4. Admitted.

5. Denied in light of the removal of the action to this Court; however, admitted to the extent that this Court now has jurisdiction in light of the removal.

6. Admitted, upon information and belief.

7. Denied as Plaintiff voluntarily parted with the property at issue.

8. Defendant admits the first sentence of this paragraph of the Complaint. Defendant states that the second sentence contains only a partial recitation of pertinent policy language and, therefore, mischaracterizes coverage. Defendant further states that the Insurance Contract at issue

1

("Insurance Contract") speaks for itself.  A copy of the Insurance Contract, is attached hereto as Exhibit A.  Defendant denies the remaining averments of this paragraph of the Complaint.

9. Defendant denies that it denied Plaintiff's claim and affirmatively states that it paid the $10,000 in available coverage under the Insurance Contract's Social Engineering Fraud coverage enhancement provision within the Insurance Contract's Crime Coverage Form, and that no coverage is afforded under the contract's A/R provision.  Defendant further denies the remaining averments of this paragraph of the Complaint.

10. Admitted, upon information and belief.

11. Admitted, upon information and belief.

12. Admitted, upon information and belief.

13. Admitted, upon information and belief.

14. Admitted, upon information and belief.

15. Admitted, upon information and belief.

16. Admitted, upon information and belief; however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that it fulfilled the "Purchase Order," and denies that averment accordingly.

17. Admitted, upon information and belief.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

19. Admitted, upon information and belief.

20. Defendant denies that Plaintiff issued an invoice to McCain as Plaintiff rather issued an invoice to the "fraudster" referenced in Paragraph 19 of the Complaint, to whom it had

2

voluntarily delivered goods. Defendant admits, upon information and belief, that the invoice issued to the "fraudster" was in the amount of $90,000.

18 (misnumbered in Complaint). Defendant admits the effective dates of the Insurance Contract at issue and denies the remaining averments of this paragraph of the Complaint.

19 (misnumbered in Complaint). Denied, as written. Defendant affirmatively states that while the premium payment had been current at the time of the loss, not all payments were regular or timely, and the amount of the premium was not for the amount averred in this paragraph of the Complaint.

20 (misnumbered in Complaint). Denied, as written. Defendant affirmatively states that the Insurance Contract speaks for itself.

21. Admitted.

22. Defendant admits that Plaintiff submitted a claim under the Insurance Contract in the amount of $90,725, which contract is governed by all of the terms, conditions, limitations, and exclusions contained within the entire contract. Defendant denies the remaining averments of this paragraph of the Complaint.

23. Defendant admits that no coverage was afforded for this loss under the "A/R Provision," as described in the Complaint; however, coverage was afforded under the Social Engineering Fraud coverage enhancement contained within the Insurance Contract's Crime Coverage Form, resulting in Defendant issuing payment of the available policy limit of $10,000. Defendant affirmatively states that Plaintiff voluntarily chose not to accept the payment.

24. Defendant admits that the letter was sent, as averred in this paragraph of the Complaint, but denies that the "A/R Provision" provided coverage for the claim.

25. Defendant admits that it responded to Plaintiff counsel's letter. Defendant affirmatively states that its letter explained the basis of its coverage decision and that the letter speaks for itself. Defendant denies the remaining averments of this paragraph of the Complaint.

26. Denied.

27. Denied.

28. Defendant's answers to Paragraphs 1 through 27 of the Complaint, including repeated paragraph numbers, are incorporated by reference as if fully set forth herein.

29. Defendant admits that a dispute exists but denies that this is a matter involving collection from a customer.

30. Denied.

31. Defendant admits that the "A/R Provision" does not afford coverage in this matter and that Social Engineering Fraud enhancement does, for which Defendant issued payment of the $10,000 policy limit to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Complaint.

32. To the extent Plaintiff contends entitlement to damages beyond the $10,000 previously paid by Defendant under the Insurance Contract, this paragraph of the Complaint is admitted.

33. Denied, as written.

34. Defendant states that this paragraph of the Complaint states a conclusion of law for which no answer is required. To the extent an answer is required, the paragraph is denied.

35. Defendant's answers to all previous paragraphs of the Complaint are incorporated herein by reference.

36. Admitted.

37. Denied, as written. Defendant affirmatively states that while the premium payment had been current at the time of the loss, not all payments were regular or timely.

38. Denied, as written. Defendant states that the averments of this paragraph misstate the coverage afforded under the "A/R Provision," and that the Insurance Contract at issue speaks for itself.

39. Defendant admits that Plaintiff submitted a claim for coverage and affirmatively states that it paid all amounts for which the loss was covered by the Insurance Contract; namely, the $10,000 policy limit for social engineering fraud. Defendant admits that no coverage is afforded under the "A/R Provision." Defendant denies the remaining averments of this paragraph of the Complaint.

40. Denied.

41. Denied.

42. All averments of the Complaint are denied unless they have been admitted expressly above.

43. Defendant reserves the right to amend its answer to the Complaint as discovery proceeds.

44. Defendant reserves the right to assert and rely on additional defenses to coverage appearing in the Insurance Contract or applicable law as discovered in the course of this civil action.

<u>First Affirmative Defense</u>

The Complaint fails to state a cause of action for which relief may be granted.

<u>Second Affirmative Defense</u>

Plaintiff has failed to abide by conditions precedent to recovery.

### Third Affirmative Defense

Defendant has paid to Plaintiff all sums for which it was obligated to pay under the Insurance Contract at issue.

### Fourth Affirmative Defense

Coverage for the claimed loss is not covered under the "A/R Provision" for reasons including, but not limited to, Plaintiff's voluntary parting with property, which is an excluded cause of loss within the applicable Insurance Contract.

### Fifth Affirmative Defense

Plaintiff's claim is barred under the doctrines of waiver and estoppel.

WHEREFORE, having fully answered, Defendant requests that this Court dismiss the Complaint, enter judgment in Defendant's favor, and award Defendant its costs, attorneys' fees, and other sums as the Court deems just and appropriate.

Respectfully submitted,

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

By: /s/ Robert S. Reverski, Jr
Robert S. Reverski, Jr.  (Bar No. 14245)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia  23236
Telephone: 804.560.9600
Fax: 804.560.5997
rreverski@midkifflaw.com
*Counsel for Defendant State Automobile Mutual Insurance Company*